# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| PEPSICO, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>AZTECA PRODUCTS, INC. d/b/a LATIN PRODUCTS, a Texas corporation, and DOES 1-10,<br><br>Defendants. | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, Pepsico, Inc., and files this Plaintiff's Original Complaint and shows as follows:

### JURISDICTION

1. This Court has jurisdiction because: (1) this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the Texas state statutory claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

284003v1

2. Venue is proper in this Court under 28 U.S.C. §1391(a) because, on information and belief, the defendants all reside in this district, or under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff, PepsiCo, Inc. ("PepsiCo") is a North Carolina corporation with its principal place of business in Purchase, New York.

4. On information and belief, defendant Azteca Products, Inc. ("Azteca Products"), is a corporation governed by the laws of the State of Texas doing business as Latin Products at its principal place of business in this District, at 711-B Enterprise Street, Laredo, Texas 78045, and its place of incorporation at 4504 Modern Lane, Laredo, Texas 78041.

5. On information and belief, defendants Does 1-10 (collectively, the "Doe Defendants") are individuals and business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor. The identity of these Doe Defendants presently is not and cannot be known to PepsiCo, but these persons and/or entities will be added as named defendants to this action as and when they are identified. Unless otherwise indicated, Azteca Products and the Doe Defendants are referenced collectively herein as "Defendants."

## FACTS

6. PepsiCo manufactures and markets carbonated soft drinks throughout the United States and abroad.

7.  Since long prior to the acts of Defendants complained of herein, PepsiCo has made continuous use of the trademarks PEPSI, PEPSI-COLA, a distinctive red, white and blue logo, and combinations of variations on this logo with PEPSI and PEPSI-COLA ("PEPSI marks") in connection with the sale and advertising of cola flavored soft drinks ("PEPSI products").

8.  PepsiCo is the owner, inter alia, of the following federal trademark registrations issued by the United States Patent and Trademark Office for the PEPSI marks used in connection with its PEPSI products:

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| PEPSI | 824,150 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| PEPSI-COLA | 824,151 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| Design mark | 824,153 | Feb. 14, 1967 | Soft Drinks |
| PEPSI and Design | 2,100,417 | Sept. 23, 1997 | Soft Drinks |
| PEPSI and Design | 2,104,304 | Oct. 7, 1997 | Soft Drinks |

Said registrations are valid and subsisting, and Reg. Nos. 824,150, 824,151, 2,100,417 and 2,104,304 are incontestable and constitute conclusive evidence of PepsiCo's exclusive right to use the PEPSI marks for the goods specified in the registrations, pursuant to 15 U.S.C. §§ 1065 and 1115(b). Reg. No. 824,153 constitutes prima facie evidence of PepsiCo's exclusive right to use the PEPSI marks for the goods covered by these registrations, pursuant to 15 U.S.C. § 1057(b).

9.  PepsiCo and its authorized bottlers have sold many billions of dollars worth of soft drinks under the PEPSI marks throughout the United States and have spent many hundreds of millions of dollars to advertise and promote the PEPSI products under the PEPSI marks.

10. As result of PepsiCo's extensive sales, promotion and advertising, the PEPSI marks have become exceedingly famous, represent extraordinarily valuable goodwill owned by PepsiCo, and are among the most well-known and famous marks in the world.

11. PEPSI products are bottled and distributed in the United States by PepsiCo's authorized bottlers pursuant to Exclusive Bottling Appointment agreements, which authorize those local bottlers, and no one else, to bottle and distribute PEPSI products in their respective territories.

12. PepsiCo appoints exclusive bottlers for specific territories in order to maintain the quality and enhance the goodwill that consumers associate with PEPSI products within the particular territory.

13. Defendants have sold soft drinks manufactured in Mexico bearing the PEPSI marks (the "Mexican product") in the United States and in the State of Texas, including in this judicial district.

14. The Mexican product is subject to bottling agreements that restrict sales of the Mexican product to Mexico.

15. The Mexican product is neither authorized nor intended for exportation out of Mexico or for importation into, or sale or distribution in, the United States.

16. PepsiCo has not authorized or consented to Defendants' sale of Mexican product within the United States.

17. The Mexican product that Defendants sell within the United States is materially different in many respects from the authorized PEPSI products bottled and sold in the United States. The material differences between the products include:

(a) the Mexican product does not comply with the labeling regulations of the United States Food and Drug Administration;

(b) the Mexican product does not comply with the labeling standards followed by PepsiCo and its authorized bottlers in the United States;

(c) the sale of Mexican product in channels of trade different from PepsiCo's authorized distribution channels does not permit PepsiCo to properly and sufficiently exercise quality control such as, but not limited to, placing "drink by" notice dates on the Mexican product, monitoring the Mexican product for proper shipment and storage conditions, proper arrangement of retail Mexican product displays and rotating stale, damaged or substandard quality Mexican product off the retail shelves;

(d) the Mexican product sold by Defendants does not inform purchasers of or allow purchasers to participate in promotions which are authorized by PepsiCo based on the purchase of specially-marked PEPSI products authorized for sale only in the United States;

(e) affixed to the Mexican product are inferior paper labels that, in some cases, contain inaccurate nutritional and net volume information;

(f)   there is a risk of leakage, loss of carbonation and general deterioration to the Mexican product due to the hazards and delay inherent in shipping the product outside its designated area of sale;

(g)   the bottles containing the Mexican product sold by Defendants are of a type not available for sale in the United States;

(h)   the bottles and bottle caps containing the Mexican product bear writing in Spanish;

(i)   Defendants' marketing of the Mexican product in the United States conflicts with the advertising strategies and marketing plans of PepsiCo and its authorized bottlers;

(j)   Defendants' marketing of the Mexican product conflicts with the bottle return policies of PepsiCo and its authorized bottlers; and

(k)   some of the Mexican product bears the notices "MR," "Marca Registrada," or "Marca Reg.," but does not bear a statutory notice of a United States trademark registration and might be interpreted as limiting PepsiCo's right to obtain relief in accordance with Section 29 of the Lanham Act, 15 U.S.C. § 1111.

### COUNT I
### Trademark Infringement Under Federal Law

18.   PepsiCo re-alleges paragraphs 1 through 17, as if fully set forth herein.

19.   Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendants' Mexican product in

that purchasers and others in this District and elsewhere in the United States are likely to believe PepsiCo authorizes and controls the sale of Defendants' Mexican product in the United States or that Defendants are associated with or related to PepsiCo or are authorized by PepsiCo to sell PEPSI products in the United States.

20. On information and belief, Defendants' acts have injured or are likely to injure PepsiCo's image and reputation with consumers in this District and elsewhere in the United States by creating confusion about, and dissatisfaction with, PepsiCo's PEPSI products.

21. On information and belief, Defendants' acts have injured or are likely to injure PepsiCo's reputation, business and relations with bottlers and their retail accounts in this District and elsewhere in the United States by causing customer dissatisfaction, a diminution of the value of the goodwill association with the PEPSI marks, and a loss of sales and market share to PepsiCo's competition.

22. On information and belief, Defendants' sale in this District and elsewhere in the United States of Mexican product is a deliberate, intentional and willful attempt to injure PepsiCo's business, to trade on PepsiCo's business reputation, to confuse or deceive purchasers and to interfere with PepsiCo's business relationships with its bottlers and their retail accounts in this District and elsewhere in the United States.

23. Defendants' acts constitute an infringement of PepsiCo's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate

remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

## COUNT II
### Unfair Competition In Violation Of Federal Law

25. PepsiCo re-alleges paragraphs 1 through 7, 9 through 17, and 19 through 22, as if fully set forth herein.

26. Defendants' acts constitute a false representation and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

27. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

## COUNT III
### Unfair Competition Under Texas Common Law

28. PepsiCo re-alleges paragraphs 1 through 7, 9 through 17, and 19 through 22, as if fully set forth herein.

29. Defendants' acts constitute unfair competition or unfair business practices in violation of the common law of the state of Texas, among other states.

30. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate

remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

### COUNT IV
### Dilution Under Federal Law

31. PepsiCo re-alleges paragraphs 1 through 17, and paragraphs 20 through 22, as if fully set forth herein.

32. Defendants' acts are likely to cause dilution by blurring of PepsiCo's famous PEPSI trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33. Defendants' acts are likely to cause dilution by tarnishment of PepsiCo's famous PEPSI trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

34. On information and belief, Defendants' acts constitute a willful violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

35. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

### COUNT V
### Dilution Under State Law

36. PepsiCo re-alleges paragraphs 1 through 17, and paragraphs 20 through 22, as if fully set forth herein.

37. Defendants' acts are likely to injure the business reputation of plaintiff in violation of the Dilution Acts of various states, including the state of Texas (Tex. Bus. & Com. Code §16.29).

38. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

WHEREFORE, PepsiCo prays that:

1. Defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from the importation into, and the dealing, marketing, sale, or distribution in the United States of soft drinks manufactured or bottled in Mexico bearing PepsiCo's PEPSI marks.

2. Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

    a. account for and pay over to PepsiCo all profits derived by Defendants from their acts of trademark infringement, unfair competition, and dilution in accordance with 15 U.S.C. § 1117(a), and the laws of Texas, and PepsiCo asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

    b. pay to PepsiCo treble the amount of all damages incurred by PepsiCo by reason of Defendants' acts of trademark infringement, unfair competition,

and dilution in accordance with 15 U.S.C. § 1117(a) and the laws of Texas;

c. pay to PepsiCo the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the laws of Texas;

d. deliver up for destruction all of the Mexican product in their possession, in accordance with 15 U.S.C. § 1118;

e. send a notice to all of their wholesale customers that the importation, dealing in sale or distribution of the Mexican product in the United States without PepsiCo's consent is unlawful and that they have been enjoined by a United States District Court from doing so; and

e. file with the Court and serve on PepsiCo an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3. PepsiCo have such other and further relief as the Court deems just and equitable.

Respectfully submitted,

CAMPERO & BECERRA, P.C.
315 Calle Del Norte, Suite 207
Laredo, Texas 78041
(956) 796-0330 (tel)
(956) 796-0399 (fax)

By: /S/ADOLFO CAMPERO, JR.
ADOLFO CAMPERO, JR.
Texas Bar No. 00793454
Attorney-in-Charge for Plaintiff, PEPSICO, INC.