UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED
FEB 1 3 2009
Michael N. Milby, Clerk

PEPSICO, INC., a corporation,

Plaintiff,

v.

AZTECA PRODUCTS, INC., a corporation, and DOES 1-10,

Defendants.

Judge Alvarez

Civil Action No. 5:08-cv-00033

# FINAL JUDGMENT

Plaintiff, PepsiCo, Inc. ("PepsiCo"), and Defendant, Azteca Products, Inc. ("Azteca"), hereby stipulate to entry of final judgment as follows:

1. This Court has subject matter jurisdiction by virtue of the fact that:

    (a) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and

    (b) jurisdiction for the Texas state statutory claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Azteca, a Texas corporation.

3. Venue is proper in this Court under 28 U.S.C. 1391(b) in that Azteca resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

4. PepsiCo is the owner, inter alia, of the following federal trademark registrations issued by the United States Patent and Trademark Office for marks used in connection with its PEPSI soft drinks ("PEPSI marks"):

288747v3

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| PEPSI | 824,150 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| PEPSI-COLA | 824,151 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| Design mark | 824,153 | Feb. 14, 1967 | Soft drinks |
| Design mark | 1,746,553 | Jan. 12, 1993 | Soft drinks |
| PEPSI and Design | 2,100,417 | Sept. 23, 1997 | Soft drinks |
| PEPSI and Design | 2,104,304 | Oct. 7, 1997 | Soft drinks |
| PEPSI and Design | 2,817,604 | Feb. 24, 2004 | Soft drinks, and syrups and concentrates for making the same |

Registration Nos. 824,150; 824,151; 1,746,553; 2,100,417; and 2,104,304, are valid, subsisting, incontestable and constitute conclusive evidence of PepsiCo's exclusive right to use the PEPSI marks for the goods specified in the registrations, pursuant to 15 U.S.C. §§ 1065 and 1115(b). Registration Nos. 824,153 and 2,817,604 are valid, subsisting, and constitute *prima facie* evidence of PepsiCo's exclusive right to use the marks identified in the registrations for the goods and services covered by these registrations throughout the United States, pursuant to 15 U.S.C. § 1057(b).

5.   PepsiCo, through its wholly owned subsidiary, The Concentrate Manufacturing Company of Ireland, owns a valid and subsisting registration (Reg. No. 3,156,112) in the United States Patent and Trademark Office of its MANZANITA SOL mark for "soft drinks, and syrups and concentrates for making the same."

6.   Without PepsiCo's consent, Azteca has sold in the United States soft drinks manufactured in Mexico bearing the PEPSI mark ("Mexican PEPSI") and the MANZANITA SOL mark ("Mexican MANZANITA SOL").

7.     PepsiCo also owns a valid and subsisting registration (Reg. No. 811,787) in the United States Patent and Trademark Office of its MIRINDA mark for "soft drinks and syrups and concentrates for the preparation of such soft drinks," which has become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). The unauthorized Mexican version of MIRINDA ("Mexican MIRINDA") often is sold in conjunction with Mexican MANZANITA SOL.

8.     Azteca's sale of Mexican PEPSI and Mexican MANZANITA SOL in the United States without PepsiCo's consent constitutes:

(a)    trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114;

(b)    unfair competition in violation of Section 43(a) of the Lanham Act, 15 § U.S.C. 1125(a);

(c)    unfair competition in violation of the Texas common law;

(d)    dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and

(e)    dilution in violation of TEX. BUS. & COM. CODE §16.29.

9.     Azteca, its agents, servants, employees, successors and assigns, and all others in active concert or participation with them, are permanently enjoined and restrained from the importation into, and the dealing, marketing, sale or distribution in the United States of soft drinks manufactured or bottled in Mexico, or any other foreign country, bearing any of PepsiCo's trademarks, including without limitation: (a) PEPSI; (b) PEPSI-COLA; (c) a distinctive red, white and blue logo; (d) combinations of variations on this logo with PEPSI and PEPSI-COLA; (e) MANZANITA SOL; and (f) MIRINDA.

-4-

10.     This judgment resolves all claims asserted against Azteca in the Complaint through the permanent injunction against Azteca set forth above in paragraph 9. This action is dismissed without prejudice against all remaining Doe Defendants.

11.     Each party shall bear its own costs.

SO ORDERED AND ADJUDGED:

Dated this 13 day of _____, 2009.

_____
United States District Judge

CONSENTED AND AGREED TO:

On behalf of PepsiCo, Inc.

David C. Hilliard
Jonathan S. Jennings
Phillip Barengolts
J. Michael Monahan II
PATTISHALL, MCAULIFFE, NEWBURY
HILLIARD & GERALDSON LLP
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606
Tel. (312) 554-8000
Fax (312) 554-8015

-and-

Adolfo Campero
Campero & Becerra, P.C.
315 Calle Del Norte, Suite 207
Laredo, Texas 78041
Tel. (956) 796-0330
Fax (956) 796-0399

By: _____

Attorneys for Plaintiff, PEPSICO, INC.

Dated: 01/29/09

On behalf of Azteca Products, Inc.

Guillermo G. Alarcon
Alberto Alarcon
HALL, QUINTANILLA & ALARCON
1302 Washington Street
P.O. Box 207
Laredo, Texas 78040
Tel. (956) 723-5527
Fax (956) 723-8168

By: _____

Attorneys for Defendant, AZTECA PRODUCTS, INC.

Dated: 01-27-2009